UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KERRI DUKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CAUSE NO:  1:21-cv-02138 |
| | ) |
| REID HOSPITAL & HEALTH | ) |
| CARE SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Ms. Kerri Duke, by counsel, and pursuant to Fed. R. Civ. P. 3, files her Complaint against the Defendant, Reid Hospital, hereinafter "Defendant", and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 1331, 1332, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 race discrimination and retaliation under Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) and I.C. § 22-9-1-3.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391(b)(2).

3. This Court has Supplemental jurisdiction over any state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is

1

proper as the state law claims for negligence arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over any state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Ms. Duke, is a White American, female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.

5. At all time relevant hereto, Ms. Duke was an "employee" of the Defendant, as that term is defined in Title VII of the Civil Rights Act of 1964.

6. The Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

7. At all times relevant hereto, the Defendant was an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964 and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(h).

8. The Defendant is a domestic non-profit corporation registered and doing business in the State of Indiana.

## ADMINISTRATIVE PROCEDURES

9. On or about April 26, 2021, Ms. Duke filed charges of discrimination in violation of Title VII of the Civil Rights Act of 1964 with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2021-01262.

10. On or about May 17, 2021, Ms. Duke received a Notice of Right to Sue from the EEOC for Charge Number 470-2021-01262, entitling her to commence action within ninety (90)

days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as **Exhibit "A".**

11. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

12. The Defendant hired Ms. Duke on or about June 29, 2020.

13. Throughout her employment with Defendant, Ms. Duke met or exceeded Defendant's legitimate expectations of performance.

14. However, at one point, Ms. Duke was evaluated by Angie Smigh, who did report a that Ms. Duke was not meeting her employer's goals.

15. Ms. Duke contacted human resources to dispute Angie Smigh's evaluation. Ms. Duke was subsequently placed on a 90-day probational period and was evaluated weekly per Ms. Duke's request. After having been given the proper tools to perform her job, Ms. Duke was given excellent evaluations.

16. Ms. Duke was informed by several employees that due to Ms. Duke having complained about her original evaluation to human resources, Ms. Duke now had a target placed on her back for termination.

17. During Ms. Duke's employment, fellow employee, Katrina Bently, threatened physical harm against Ms. Duke.

18. Ms. Duke reported this threat to human resources, but no action was taken by the human resources department.

19. Ms. Duke is a white female and Katrina Bently is a black female and Ms. Duke feels she was discriminated against her race.

20. Shortly following Ms. Dukes report of the threat, in December 2020, she was terminated.

## COUNT I

## DISCRIMINATION ON THE BASIS OF RACE

21. Ms. Duke hereby incorporates by reference paragraphs 1 through 20 as though previously set out herein.

22. The Defendant discriminated against Ms. Duke due to her race.

23. By the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard of Ms. Duke's rights as an employee, engaged in unlawful and discriminatory employment practices for reporting discrimination, materially affecting, and altering the terms and conditions of her employment, in violation of Title VII.

24. Ms. Duke has suffered emotional and economic damages because of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Ms. Duke, respectfully requests this Court enter judgment in her favor and:

a. Order Defendant to pay Ms. Duke her lost wages, unpaid bonuses and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Compensatory damages;

d. Punitive damages;

  e.  Liquidated damages;

  f.  Lost future wages;

  g.  All costs and attorney's fees incurred as a result of bringing this action;

  h.  Payment of all pre- and post-judgment interest;

  i.  Provide to Ms. Duke all other legal and/or equitable relief this Court sees fit to grant.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Ms. Kerri Duke, by counsel, respectfully requests a jury trial for all issues deemed so triable.

                Respectfully submitted:

                /s/ *Jacob G. Bowman*
                Jacob G. Bowman #36240-55
                Darron S. Stewart #21114-29

STEWART & STEWART ATTORNEYS
931 S. Rangeline Rd.
Carmel, IN 46032
Phone:(317) 846-8999
Fax: (317) 843-1991
Jacob.bowman@getstewart.com